UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK WARFIELD,

Plaintiff,

v.

SOLANO COUNTY SUPERIOR COURT,

Defendant.

No.  2:26–cv–00065–DJC–CKD PS

ORDER AND FINDINGS &
RECOMMENDATIONS

(ECF No. 1. 2)

Plaintiff Broderick Warfield proceeds without counsel and seeks relief for alleged violations of his civil rights based on the handling of submitted filings in a prior state action. The matter is before the undersigned pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

Plaintiff's complaint filed January 9, 2026, is before the court for screening. Plaintiff has also filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis is granted.  However, plaintiff fails to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint for his First, Fourth, Eighth, and Fourteenth Amendment claims and denied leave to amend for his Fifth Amendment claims.

/ / /

/ / /

/ / /

1

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

**II.     Plaintiff's Allegations**

Plaintiff alleges he "previously submitted sealed filings in the district court," at an unspecified date. (ECF No. 1 at 2.) Plaintiff does not provide reference to the prior action in his Complaint. *See* (ECF No. 1.) Plaintiff does make reference to four filings titled ECF 8, ECF 22, ECF 30, and ECF 32. (ECF No. 1 at 2.) Plaintiff alleges these filings "contained protected personal records, medical information, and federal records not appropriate for public disclosure." *Id*.

Plaintiff appears to allege that these filings have been sealed and that "the handling, transmission, and administrative treatment of these sealed findings," resulted in various injuries, including uncertainty "regarding the status, protection, and management of the confidential materials." *Id*. Plaintiff asserts violations of his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id*.

**III.    Discussion**

Having performed the screening required by 28 U.S.C. § 1915, the Court finds the complaint fails to state a claim. First, even though Plaintiff appears to intend to name more than one defendant to this action[1], Defendant Solano County Superior Court is immune from suit in

---

[1] Defendant Solano County Superior Court is listed as "Solano County Superior Court et al.," with no other defendants listed. *See* (ECF No. 1)

2

federal court under the Eleventh Amendment. Second, even if Plaintiff named a defendant not immune from suit, Plaintiff fails to state a claim upon which relief could be granted for any of his constitutional causes of action. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Because Plaintiff is being granted an opportunity to amend, the Court sets forth the following relevant legal standards.

Eleventh Amendment Immunity

As an agency of the state, the Solano County Superior Court is immune from suit under the Eleventh Amendment. *See Whitaker v. Solano Superior Court*, 2025 WL 1116485, at *1 (E.D. Cal. Apr. 15, 2025); *see also*, *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). In contrast, the Eleventh Amendment does not bar suits against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30 (1991).

It must also be noted that if Plaintiff were to raise a future action against a judge, court clerk or court employee, his claims may be subject to judicial immunity or quasi-judicial immunity. Judicial immunity is an absolute immunity from suit overcome only (1) where a judge takes actions outside of judicial capacity, or (2) where judicial actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Quasi-judicial immunity may also apply to court clerks or other court employees for tasks that are "an integral part of the judicial process." *See Mullis v. U.S. Bankr*. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988).

First Amendment Rights

The First Amendment states that "Congress shall make no law ... abridging ... the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. "The protections afforded by the Petition Clause have been limited by the Supreme Court to situations where an individual's associational or speech rights are also implicated." *WMX Technologies v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (citations omitted). The Complaint states that the

3

alleged procedural mishandling of Plaintiff's sealed filings "interfered with Plaintiff's right to petition the government for redress of grievances while maintaining the confidentiality… of said records." (ECF No. 1 at 3.) These allegations are conclusory and fail to state whether Plaintiff's associational or speech rights were burdened. The Court will deny Plaintiff's claims with leave to amend.

Fourth Amendment Rights

Plaintiff fails to state a Fourth Amendment claim for violation of bodily integrity. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Fourth Amendment "generally proscribes 'unreasonable intrusions on one's bodily integrity,' and other harassing and abusive behavior that rises to the level of 'unreasonable seizure'…" *Fontana v. Haskin*, 262 F.3d 871, 878-879 (9th Cir. 2001). Plaintiff alleges that Defendant's treatment of sealed findings "implicated Plaintiff's reasonable expectation of privacy and bodily integrity…" (ECF No. 1 at 3.) These allegations are conclusory; therefore Plaintiff's Fourth Amendment cause of action is denied with leave to amend to the extent Plaintiff can allege conduct that violated his Fourth Amendment rights.

Fifth Amendment Rights

Plaintiff fails to state a procedural due process claim under the Fifth Amendment. To prevail under a procedural due process claim, Plaintiff must demonstrate he was denied a specified liberty or property interest protected under the due-process clause and that he was deprived of that interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219, (2011). "The Due Process Clause of the Fifth Amendment applies only to actions of the federal government, and not to state actors." *McCloud v. Bird-Hunt*, 2020 WL 71133, at *4 (S.D. Cal. Jan 6, 2020). Plaintiff argues that the uncertainty regarding Defendant's handling of Plaintiff's sealed filings "undermined the fair, orderly, and predictable treatment of protected records," and deprived Plaintiff of procedural due process. (ECF No. 1 at 3.) These allegations are conclusory and fail to state the interest harmed. Because Plaintiff fails to name a

4

federal actor in addition to these deficiencies, Plaintiff's Fifth Amendment cause of action is dismissed without leave to amend.

Eighth Amendment Rights

Plaintiff fails to allege a violation of his Eighth Amendment rights. "The treatment a prisoner receives in prison and the conditions under which he is confined is subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Plaintiff's allegations state that sealed filings, including ECF 32, "concerned involuntary antipsychotic medication or related treatment decisions," and that the procedural handling made by Defendants implicated Plaintiff's Eighth Amendment rights. (ECF No. 1 at 3.) Plaintiff's allegations are conclusory and fail to state any facts as to how Defendant's conduct impacted Plaintiff's Eighth Amendment rights regarding conditions and treatment. Plaintiff's Eighth Amendment cause of action is denied with leave to amend.

Fourteenth Amendment Rights

Plaintiff fails to state a Due Process or Equal Protection claim under the Fourteenth Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri*, 901 F.2d at 699.

To state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the United States Constitution or from state law. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

To state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.,* 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff's allegations fail to state a claim for Due Process and Equal Protection violations under the Fourteenth Amendment. Plaintiff alleges that "the handling and administrative treatment of filings… resulted in deprivation of due process under the Fourteenth Amendment." (ECF No. 1 at 4.)  He also alleges that such conduct "implicates equal protection interests…" *Id*. These allegations fail to identify a liberty or property interest or whether Plaintiff was subject to unlawful discrimination. Plaintiff's Fourteenth Amendment claims are dismissed with leave to amend.

Amended Complaint

For the reasons set forth above, the complaint fails to state a claim and the Court recommends dismissal. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend and some notice of its deficiencies unless it is absolutely clear the deficiencies could not be cured by amendment). If Plaintiff files an amended complaint, it should be titled "First Amended Complaint" and must be complete by itself without reference to any prior pleading. *See* Local Rule 220.

**IV.    Conclusion**

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, based on the findings above, it is RECOMMENDED:

2. Plaintiff's Fifth Amendment cause of action be DISMISSED without leave to amend;

3. Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment claims be DISMISSED with

leave to amend;

4. Plaintiff be provided 30 days from the date of this order to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 10, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 warf26cv0065.ifp