UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK WARFIELD,

Plaintiff,

v.

SOLANO COUNTY SUPERIOR COURT, et al.,

Defendant.

No. 2:26–cv–00065–DJC–CKD (PS)

ORDER

(ECF No. 7)

Plaintiff Broderick Warfield proceeds without counsel and seeks relief for alleged violations of his civil rights based on the handling of submitted filings in a prior state action. The matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Plaintiff filed a First Amended Complaint ("FAC") on April 20, 2026, while the undersigned's April 13, 2026 findings and recommendations granting Plaintiff's application to proceed in forma pauperis ("IFP") (ECF No. 2) and recommending Plaintiff's original Complaint be dismissed with leave to amend (ECF No. 4.) were pending before the District Court. The District Court adopted the undersigned's findings and recommendations on May 4, 2026, and granted Plaintiff 30 days from the date of service of the District Court's order to file an amended complaint. (ECF No. 6.) Plaintiff filed a Second Amended Complaint ("SAC") on May 8, 2026. (ECF No. 7.) The Court recognizes Plaintiff's SAC as the operative complaint. See Fed. R. Civ.

P. 15(a)(2) ("The court should freely give leave when justice so requires.")

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

**PLAINTIFF'S ALLEGATIONS**

The SAC is sparsely detailed and confusing to read. Plaintiff is reminded that the Court may not rely on factual allegations from a prior filing when amending his Complaint. See L.R. 230.

Plaintiff alleges that on June 2, 2022, the National Personnel Records Center ("NPRC") sent Plaintiff a message in response to an inquiry for medical and "federal military records," which read: "We have had no other requests for your records other than from you." (ECF No. 7 at ¶ 1.) Plaintiff alleges this message was signed by Defendant Debbie Planty, who Plaintiff alleges is a technician at NRPC and is sued in her individual capacity. Id.

Plaintiff alleges that this exchange caused him "procedural uncertainty… from the handling, transmission, and administrative treatment of these federal records." Id. at ¶ 3. Plaintiff further alleges that the handling of his requested records "resulted in procedural injury and constitutional deprivation," which included an "interference with the right to petition, intrusion upon privacy interests, deprivation of procedural fairness, and inconsistent treatment of protected federal materials." Id. at ¶ 4.

The SAC alleges violations against Defendant Planty, which include Plaintiff's First Amendment right to petition, his Fourth Amendment rights to privacy and bodily integrity, his

Fifth Amendment Due Process rights, Eighth Amendment rights regarding conditions and treatment implications, and his Fourteenth Amendment due process and equal protection rights. Id. at 4.

**DISCUSSION**

The Court finds that the SAC once again fails to state a claim. First, Plaintiff's allegations against Defendant Planty may be barred by qualified immunity. Second, even if Plaintiff named a defendant not immune from suit, Plaintiff fails to state a claim upon which relief could be granted for each of his causes of action. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Because Plaintiff is being granted an opportunity to amend, the Court sets forth the following relevant legal standards.

Qualified Immunity

"[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987).

Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. See id. at 166. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The SAC does not make any individual allegations against Defendant Planty. It is not clear based on the allegations pled in the SAC how Defendant Planty allegedly violated plaintiff's constitutional rights. The Court finds Plaintiff fails to state a claim against Defendant Planty and the Court dismisses her from this action.

First Amendment

The First Amendment states that "Congress shall make no law ... abridging ... the right of

the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. "The protections afforded by the Petition Clause have been limited by the Supreme Court to situations where an individual's associational or speech rights are also implicated." WMX Technologies v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (citations omitted). Plaintiff alleges that the "procedural uncertainty… burdened Plaintiff's ability to petition the government for redress while maintaining the confidentiality of protected federal records." (ECF No. 7 at 4.) Critically, this allegation does not describe *how* Plaintiff's right to petition was burdened and resembles mere "labels and conclusions," that do not suffice to state a claim. See Twombly, 550 U.S. at 555-557. Therefore, the Court dismisses Plaintiff's First Amendment claim.

Fourth Amendment

Plaintiff fails to state a Fourth Amendment claim for violation of bodily integrity. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The Fourth Amendment "generally proscribes 'unreasonable intrusions on one's bodily integrity,' and other harassing and abusive behavior that rises to the level of 'unreasonable seizure'…" Fontana v. Haskin, 262 F.3d 871, 878-879 (9th Cir. 2001). The SAC only alleges "the handling of federal medical and military records implicated Plaintiff's reasonable expectation of privacy and contributed to constitutional injury." (ECF No. 7 at 4.)

Fifth Amendment

Plaintiff fails to state a procedural due process claim under the Fifth Amendment. To prevail under a procedural due process claim, Plaintiff must demonstrate he was denied a specified liberty or property interest protected under the due-process clause and that he was deprived of that interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219, (2011). "The Due Process Clause of the Fifth Amendment applies only to actions of the federal government, and not to state actors." McCloud v. Bird-Hunt, 2020 WL 71133, at *4 (S.D. Cal. Jan 6, 2020). The SAC alleges "the handling of federal records by a federal employee created procedural uncertainty affecting interests protected by the Fifth

Amendment." (ECF No. 7 at 4.) This conclusory allegation does not meet the pleading standards outlined above, and the Court dismisses Plaintiff's Fifth Amendment claim.

Eighth Amendment

Plaintiff fails to allege a violation of his Eighth Amendment rights. "The treatment a prisoner receives in prison and the conditions under which he is confined is subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). The SAC alleges "the handling of records containing medical information relating to treatment contributed to or reflected conditions implicating Eighth Amendment protections." (ECF No. 7 at 4.) Plaintiff's Eighth Amendment claim fails for the same reason as his Fifth Amendment claim: it contains only labels and conclusions without further factual elaboration. See Twombly, 550 U.S. at 555-557. Therefore, the Court dismisses Plaintiff's Eighth Amendment cause of action.

Fourteenth Amendment

Plaintiff fails to state a Due Process or Equal Protection claim under the Fourteenth Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri, 901 F.2d at 699.

To state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the United States Constitution or from state law. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976); Shanks v. Dressel, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

To state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

The SAC only alleges "inconsistent or unclear treatment of protected federal records deprived Plaintiff of procedural due process and equal protection interests." (ECF No. 7 at 4.) Plaintiff's claim fails because it does not provide any factual elaboration as to *how* Plaintiff's due process and equal protection interests were violated. Therefore, the Court dismisses Plaintiff's Fourteenth Amendment claims.

Leave to Amend

The FAC must be dismissed, but Plaintiff is granted leave to file an amended complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "Third Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's Second Amended Complaint (ECF No. 7) is DISMISSED with leave to amend;

/////

/////

/////

/////

/////

/////

2. Plaintiff is granted thirty (30) days from the date of service of this order to file a Third Amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure and Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7.warf.26cv65.scrn2